UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Torrey Carter,<br><br>    Plaintiff,<br><br>    v.<br><br>Ally Financial Inc., Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union, LLC,<br><br>    Defendants. | Case No:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Torrey Carter ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Ally Financial Inc. ("*Ally*" or *"Furnisher Defendant"*), Equifax Information Services, LLC ("*Equifax*"), Experian Information Solutions, Inc. ("*Experian*") and Trans Union, LLC ("*TransUnion*") (Equifax, Experian and TransUnion may be hereinafter referred to collectively as "*CRA Defendants*") (Furnisher Defendant and CRA Defendants may be hereinafter referred to collectively as "*Defendants*") as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.*

2. This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681e(b); and for CRA Defendants' failure to conduct reasonable investigations into Plaintiff's disputes in violation of 15 U.S.C. § 1681i(a).

3. This action seeks relief against Furnisher Defendant for violations of 15 U.S.C. §1681s-2(b), for its failure to conduct a reasonable and/or good faith investigation into Plaintiff's notices of dispute and for failing to delete, correct or block the inaccurate information.

4. Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover,

1

*inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

5. As a result of Defendants' conduct in reporting inaccurate information and failing to reasonably investigate Plaintiff's disputes and correct the inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third parties.

6. Defendants are also responsible for the costs in time and money associated with Plaintiff having requesting credit reports, consulting with professionals regarding resolving the inaccurate reporting and submitting dispute letters via certified mail.

7. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) insofar as Defendant Ally maintains their principal place of business in this judicial district.

## PARTIES

10. Plaintiff Torrey Carter is an adult who is a citizen of the State of South Carolina, residing in Richland County, South Carolina.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Ally is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 600 Woodward Avenue, Detroit, Michigan 48226.

13. Defendant Ally is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

14. Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

2

15. Defendant Equifax is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f).

16. Defendant Equifax regularly conducts business in this judicial district.

17. Defendant Equifax by contractual agreement, disseminates consumer background reports for remuneration to third parties, including that of Plaintiff.

18. Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

19. Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f).

20. Defendant Experian regularly conducts business in this judicial district.

21. Defendant Experian by contractual agreement, disseminates consumer background reports for remuneration to third parties, including that of Plaintiff.

22. Defendant TransUnion is an Illinois corporation which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

23. Defendant TransUnion is a CRA as defined under 15 U.S.C. 1681a(f).

24. Defendant TransUnion regularly conducts business in this judicial district.

25. Defendant TransUnion by contractual agreement, disseminates consumer background reports for remuneration to third parties, including that of Plaintiff.

## SUBSTANTIVE ALLEGATIONS OF FCRA

26. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which provides as follows:

> (1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

27. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher(s) and any other parties in the distribution chain of the disputed inaccuracies.

28. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and reputation of consumers in general, and of Plaintiff specifically. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

29. Plaintiff has a legally protected interest in Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

30. Plaintiff's injuries are particularized and actual and are directly traceable to Defendants' conduct and/or omissions. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

31. Plaintiff Torrey Carter had an outstanding charged-off debt with Ally in the amount of $265.00 due to a "total loss" auto accident.

32. Plaintiff settled this debt with Ally through its agent for debt collection, Alltran Financial, LP ("*Alltran*") for the sum of $135.00.

33. This settlement resolved the debt in its entirety and nothing more was or is due and owing.

34. As such, Plaintiff's credit reports should reflect a $0 balance and a status that the debt was settled or paid off for less than the amount owed.

35. After the settlement was completed, Plaintiff caused a dispute letter to be sent to each of the CRA Defendants via certified mail (the "*FCRA Dispute Letter(s)*").

36. Based upon United States Postal Service tracking information, CRA Defendants received the FCRA Dispute Letter(s).

37. Upon information and belief, CRA Defendants forwarded notices of dispute and all relevant information regarding the FCRA Dispute Letter(s) to Furnisher Defendant, within five (5) business days of receipt of same, as required by the FCRA.

38. Upon information and belief, Furnisher Defendant received the notices of dispute and all relevant information from CRA Defendants of Plaintiff's FCRA Dispute Letter(s).

39. Following Defendants' thirty (30) day FCRA investigation period, Defendants continued to report the debt as unpaid and as having an outstanding balance in the amount of $265.

40. Since this debt was settled and resolved, the reporting of an outstanding balance and the failure to indicate that the debt was settled is inaccurate, misleadingly inflates Plaintiff's liabilities and violates the FCRA.

41. Rather than updating the account to reflect as settled, Defendants continued to report the account as having an outstanding balance of $265.

42. Plaintiff did not make the settlement payment with the intent to merely pay down the debt, but rather intended to and agreed to resolve it in its entirety.

43. Upon information and belief, Defendants either failed to perform any investigation at all or performed unreasonable investigations and erroneously verified the inaccurate account as accurate.

44. Had Defendants performed reasonable investigations, the account at issue would have been modified to reflect the fact that it was settled with no outstanding balance, or the tradeline would have been deleted entirely.

45. Alternatively, and upon information and belief, CRA Defendants failed to provide Furnisher Defendant with the notices of dispute and all relevant information.

46. Alternatively, and upon information and belief, Furnisher Defendant provided CRA Defendants with the correct information and directives regarding the Ally account and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit reports.

47. As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy in the reporting of Plaintiff's credit history and background.

48. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute(s) and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of

5

the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third parties.

49. Defendants are also responsible for the costs in time and money associated with Plaintiff having requested his credit reports, consulting with professionals regarding resolving this inaccurate reporting and submitting the FCRA Dispute Letter(s) via certified mail.

## COUNT I
### CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681e(b).

50. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated hereinbelow.

51. CRA Defendants systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they complied and maintained concerning Plaintiff, which were published.

52. Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigations or re-investigations into all the circumstances surrounding the disputes; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigations.

53. Upon information and belief, CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

54. In violation of 15 U.S.C. §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background reports.

55. Plaintiff disputed the inaccurate information and CRA Defendants knowingly or intentionally failed to perform reasonable investigations to remove the inaccurate information.

56. Plaintiff disputed the inaccurate information and CRA Defendants recklessly failed to perform reasonable investigations to remove or correct the inaccurate information.

57. Alternatively, Plaintiff disputed the inaccurate information and CRA Defendants negligently failed to perform reasonable investigations to remove or correct the inaccurate information.

58. As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered

actual damages which have been further described in the above statement of facts.

59. In violation of 15 U.S.C. § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injuries.

60. CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

61. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

62. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*

63. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated hereinbelow.

64. CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item(s) from Plaintiff's credit report(s).

65. CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendant and merely parroting information they received from the furnisher.

66. CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute(s).

67. CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute(s).

68. CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file(s) or correct the inaccurate information upon reinvestigation.

69. CRA Defendants never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute(s)

70. Upon information and belief, CRA Defendants never: (i) contacted any third parties

that would have relevant information concerning Plaintiff's dispute(s); (ii) forwarded any relevant information concerning Plaintiff's dispute(s) to Furnisher Defendant; or (iii) requested or obtained any other relevant documents from Furnisher Defendant. As such, there is no evidence of any reasonable investigations being conducted.

71. As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

72. CRA Defendants' violations were willful because they had knowledge of the issue(s) after receiving detailed dispute letter(s) and/or exhibited a reckless disregard for the information provided in those disputes, rendering CRA Defendants individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

73. In the alternative, CRA Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

74. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

75. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated hereinbelow.

76. At all times relative hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 1681a(b) and a "furnisher of information" to the credit reporting agencies.

77. Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

78. Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

79. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies

to which the furnisher has provided the inaccurate information.

80. On each occasion referenced in the above statement of facts where a dispute was sent to each CRA Defendant, upon information and belief, CRA Defendants provided Furnisher Defendant the notice(s) of dispute and all relevant information regarding the dispute(s).

81. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to each CRA Defendant, Furnisher Defendant received the notice(s) of dispute and all relevant information regarding the dispute(s).

82. Upon information and belief, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's dispute(s).

83. Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report(s) and report those results to all other credit reporting agencies to which furnisher provided the inaccurate information.

84. Upon information and belief, Furnisher Defendant's conduct in the instant matter is representative of its normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

85. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

86. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

87. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

88. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it could not or did not verify in Plaintiff's file after conducting an investigation.

89. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to the credit reporting agencies.

90. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to comply

with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

91. Furnisher Defendant's conduct was willful in that it had direct knowledge of the settlement agreement, was a party to that settlement, received payment for the settlement, and received Plaintiff's FCRA dispute notice(s) of the tradeline from CRA Defendants, but continued to report the tradeline(s) inaccurately.

92. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to Plaintiff when it received the FCRA dispute(s) and still failed to conduct a reasonable investigation and correct the credit reporting.

93. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

94. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by negligently failing to report the results of its investigation(s) of the inaccurate information to all credit reporting agencies.

95. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by negligently failing to modify, delete or correct the incomplete or inaccurate information or information it could not or did not verify in Plaintiff's file(s) after conducting an investigation(s).

96. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file(s) to credit reporting agencies.

97. Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

98. Plaintiff suffered actual damages, further described in the above in statement of facts.

99. Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100. Alternatively, Furnisher Defendant's conduct was negligent, in failing to exercise reasonable care when it failed to conduct reasonable investigation(s), thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

101. For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and

attorneys' fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

102. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

- a  Adjudging that Defendants actions violated the FCRA; and
- b  Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;
- c  Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);
- d  Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);
- e  Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);
- f  Granting Plaintiff costs and reasonable attorneys' fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);
- g  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and
- h  Such other and further relief as the Court determines is just and proper.

DATED: October 24, 2023

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 127575